# Exhibit 1

ELECTRONICALLY FILED
2024 Jun 17 1:59 PM - 24CV-132
Sumner County, Clerk & Master

**IN THE CHANCERY COURT FOR SUMNER COUNTY, TENNESSEE**
**AT GALLATIN**

| | | | |
|---|---|---|---|
| **CITY OF GALLATIN** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **No.** | |
| | ) | | |
| **v.** | ) | | |
| | ) | | |
| **GALLATIN DATA CENTERS, LLC** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

## COMPLAINT

The Plaintiff, City of Gallatin, Tennessee, for its complaint against Gallatin Data Centers, LLC, states:

1.      The City of Gallatin, Tennessee, is a Tennessee municipal corporation organized under the laws of the State of Tennessee.

2.      Gallatin Data Centers, LLC ("GDC"), is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is located at 5030 Riverside Dr., Suite 250, Irving, Texas 75039-4699.  Its registered agent is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.  According to the Tennessee Secretary of State, GDC is inactive.

3.      Jurisdiction and venue in this Court are proper because the contract at issue arose and was breached in and the property in question is located in Sumner County, Tennessee.

### FACTUAL BACKGROUND

4.      The City of Gallatin adopted certain covenants, conditions and restrictions applicable to and running with real property owned by the City of Gallatin, Tennessee. Specifically, the City of Gallatin established the Gallatin Industrial Center. In doing so, the City recorded restrictive covenants applicable to the Gallatin Industrial Center recorded in Record Book 3912,

4870-1831-7767.3

page 566, Register's Office for Sumner County, Tennessee ("Restrictive Covenants").  A copy of the Restrictive Covenants is attached hereto as Exhibit A.

     5.     In the Restrictive Covenants, Gallatin retained a right to purchase that is set forth in Section VI of the Restrictive Covenants. Pursuant to this Section, the City retained a right of repurchase if certain conditions were not satisfied within a period of twelve months after the conveyance of any property encumbered by the Restrictive Covenants. Section VI specifically states:

> **RECAPTURE**
>
> A.  If after twelve (12) months have expired from the sooner of:
>
> > 1.  the date of execution and delivery of any deed by the City to any site in the Gallatin Industrial Center, Phase II or the date that possession of such site is granted to a user; and
> >
> > 2.  the owner or use of such site has not, in good faith, begun construction of a building thereon as approved by the City, then the City has the option and privilege of either:
> > > a.  repurchasing that site from the owner thereof at the same price paid to the City for same or;
> > > b.  terminating the user's occupancy of said site, as appropriate.
>
> B.  The option of the City to repurchase continues for a period of one year from the end of the twelve (12) month period. The option shall be deemed exercised by a notice in writing to said owner delivered within the aforementioned period.

     6.     Pursuant to a Warranty Deed dated June 14, 2022, recorded in Deed Book 5984 page 342, Register's Office for Sumner County, the City of Gallatin, Tennessee, conveyed to GDC a parcel known as 1386 Gateway Drive, Gallatin, Tennessee ("Property"), which is part of the Gallatin Industrial Center. A copy of the Warranty Deed is attached hereto as Exhibit B. The Deed specifically noted that it was subject to the Restrictive Covenants as follows:

> Subject to any and all plats, easements, restrictions, and other matters of record, including, but not limited to, the following:

4. Restrictions as recorded in Record Book 3912, page 566, Register's Office for Sumner County, Tennessee.

7.     The Deed also contains a "Note" retaining an additional right of repurchase, and did not waive the Restrictive Covenants or the right of repurchase contained therein.

8.     The conditions necessary to extinguish the rights of repurchase retained by the City of Gallatin did not occur. Specifically, no construction (or development) occurred within one year of the conveyance. Accordingly, through counsel, on April 17, 2024, the City of Gallatin provided its notice of its intent to exercise the right of repurchase. A copy of the correspondence from J. Thomas Trent, Jr., is attached hereto as Exhibit C.

9.     Despite its clear obligation to do so, GDC has failed and refused to honor the repurchase exercised by the City of Gallatin.

## CLAIM FOR SPECIFIC PERFORMANCE

10.     The City of Gallatin adopts by reference the allegations set forth above.

11.     Pursuant to the Restrictive Covenants, the City of Gallatin retained a right to repurchase the Property if certain conditions were not satisfied.

12.     As described above, GDC did not satisfy the conditions set forth in the right of repurchase contained in the Restrictive Covenants.

13.     Accordingly, the City of Gallatin exercised its right to repurchase the Property.

14.     GDC has failed and refused to comply with its obligation to sell the Property to the City of Gallatin.

15.     The City of Gallatin has satisfied all conditions precedent to require GDC to sell the Property to it.

16.     The Property is unique, so the only adequate remedy to address GDC's breach is specific performance.

17.     As a result, the City of Gallatin respectfully requests an order for specific performance requiring GDC to convey the Property to the City of Gallatin.

18.     Pursuant to the Restrictive Covenants, the City of Gallatin is entitled to recover its attorneys' fees and costs incurred in enforcing the Restrictive Covenants; accordingly, in addition to an order for specific performance, the City of Gallatin respectfully requests an award of its attorneys' fees and costs incurred in bringing this action and enforcing its rights.

WHEREFORE, the City of Gallatin respectfully requests the Court:

A.  Enter an order awarding specific performance requiring GDC to convey the property to the City of Gallatin;

B.  Issue a lien *lis pendens* pending the resolution of this matter;

C.  Award the City of Gallatin its attorneys' fees and costs; and

D.  Award the City of Gallatin any and all other relief to which it appears entitled.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS, LLP

By: _/s/ Russell B. Morgan_____
Russell B. Morgan (Bar No. 20218)
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-2311
Facsimile: (615) 252-6311
rmorgan@bradley.com

*Attorney for Plaintiff City of Gallatin*

THIS INSTRUMENT PREPARED BY:
JOE H. THOMPSON
132 WEST MAIN STREET
GALLATIN, TN 37066

4:15

## RESTRICTIVE COVENANTS

### GALLATIN INDUSTRIAL CENTER, PHASE II

### GALLATIN, TENNESSEE

The City of Gallatin, Tennessee, a Tennessee municipal corporation, acting by and through its City Council, being duly vested with authority to acquire, own, develop and sell real estate for industrial or commercial purposes, does hereby adopt the following as covenants, conditions and restrictions to be applicable to, binding upon and to be a covenant to run with the land and be binding upon all successors in interest to any of the lots, lands, tenements and hereditaments of the real property of the City of Gallatin, Tennessee to which these covenants, conditions and restrictions are made applicable.

### I.    DEFINITIONS

**A.    THE CITY:** The City shall be the City of Gallatin, Tennessee or its successors or assigns.

**B.    GALLATIN INDUSTRIAL CENTER, PHASE II:** Gallatin Industrial Center, Phase II being that two hundred ten (plus or minus) acre tract, conveyed to the City by multiple instruments recorded in Record Book 2962, Page 802, Record Book 2962, Page 808, Record Book 3043, Page 249, Record Book 3058, Page 422, & Record Book 3120, Page 229 of the Register's Office of Sumner County, Tennessee.

**C.    OWNERS:** Owners shall be purchasers of land in the Gallatin Industrial Center, Phase II hereafter, their successors, assigns and transferees.

### II.    PURPOSE

It is the intent and purpose of these covenants and restrictions to insure proper use and appropriate development and improvement of each building site in the Gallatin Industrial Center, Phase II; to protect the owners of building sites against such improper use of surrounding building sites as will depreciate the value of their property; to guard against the erection of structures built of improper or unsuitable materials; to encourage the erection of attractive improvements on each site; to prevent haphazard and inharmonious improvement of building sites; to secure and maintain proper setbacks from streets, and adequate free spaces between structures; and in general to provide adequately for a high type and quality of improvement of the Gallatin Industrial Center, Phase II.

### III.    PERMITTED LAND USES

**A.**    Subject to applicable zoning restrictions, and to specific prohibited uses as set forth in Section IV below, uses which are approved for the Gallatin Industrial Center, Phase II include:

Pamela L. Whitaker, Register
Sumner County Tennessee
Rec #: 827701       Instrument #: 1078538
Rec'd:      50.00          Recorded
State:       0.00       3/5/2014 at 4:15 PM
Clerk:       0.00        in Record Book
Other:       2.00             3912
Total:      52.00          Pgs 566-575

1

Record Book 3912 Page 566

1. Manufacturing and assembly;
2. Warehouse, office and distribution;
3. Research, research and development production, and research-related data processing;
4. Office, headquarters, training facilities, support services, call centers and wholesalers; and
5. Retail and service uses that serve the convenience needs of other park occupants and that are compatible with other uses in the park.

**B.** All of the uses permitted shall have their primary operations conducted entirely within enclosed buildings.

## IV. OBJECTIONABLE USES

**A.** No use will be made of any lot or any portion thereof or any building or structure thereon at any time, nor shall any materials or products be manufactured, processed or stored thereon or therein, which shall cause an undue fire hazard to adjoining properties, which shall constitute a nuisance or cause the emission of noxious odors, liquids, gases, dust, fumes or smoke, or cause noises or other conditions which might injure the reputation of the lot in question or neighboring properties or which shall constitute a violation of any applicable law of the United States, the State of Tennessee, or any regulation or ordinance promulgated thereunder.

**B.** In addition, the following uses are specifically prohibited:

1. Vehicle wrecking, vehicle maintenance or repair, salvage yards, used material yards or junk yard.
2. Parking lots or equipment storage, when either is the principal use of the property.
3. Mini-storage facilities.
4. Manufacturing or processing of: asphalt, cement or lime.
5. Manufacture or storage of explosives.
6. Packing plants, canning plants or slaughter yards.
7. Stock yards.
8. Rendering plants or glue works.
9. Pulp or paper mills.
10. Mobile homes as permanent structures (allowed as temporary construction facilities).
11. Animal hospital.
12. Commercial incineration.
13. Rubbish, garbage, or trash dumps.
14. Building materials yard.
15. Contractor's yard.
16. Stone and monument works.

**C.** No hazardous materials of any kind shall be permanently stored in or disposed of the Gallatin Industrial Center, Phase II. As used herein, Hazardous Materials shall mean:

2

1. Any "hazardous waste" as defined by Resource Conservation and Recovery Act of 1976, as amended from time to time, and rules or regulations promulgated thereunder.
2. Any "hazardous substance" as defined by the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended from time to time, and rules and regulations promulgated thereunder, but excluding oil, petroleum products and their by-products.
3. Any substance which is regulated by any federal, state or local governmental authority or that is the subject of any law, rule or regulation.

## V. PLANS AND SPECIFICATIONS

**A.** No building, fence, wall sign advertising device, roadway, loading facility, outside storage facility, parking area, site grading, planting, landscaping, facility for industrial waste or sewage disposal, nor any other improvement shall be commenced, erected or constructed, nor shall any addition thereto or change or alteration therein be made (except to the interior of a building), nor shall any change in the use of any premises be made, until the plans and specifications therefor, showing the nature, kind, shape, height, materials, color scheme, lighting and location on the lot of the proposed improvements, grading, landscaping or alterations and the proposed use or change in the use of the premises, shall have been submitted to and approved in writing by the City and a copy of such plans and specifications as finally approved lodged permanently with the City which approval shall not be unreasonably withheld. Written approval by the City, its successors or assigns, for a particular use shall be conclusive evidence of compliance with this or any other portion of these covenants.

**B.** Construction and alteration of improvements in the Gallatin Industrial Center, Phase II shall be in accordance with the requirements of all applicable Building, Zoning and other Codes and Regulations of the City.

## VI. SUBDIVISION AND RESALE RIGHTS

The property within the Gallatin Industrial Center, Phase II cannot be subdivided and sold by a subsequent grantee without the written consent of the City, which shall not be unreasonably withheld.

## RECAPTURE

**A.** If after twelve (12) months have expired from the sooner of:

1. the date of the execution and delivery of any deed by the City to any site in the Gallatin Industrial Center, Phase II or the date that possession of such site is granted to a user; and
2. the owner or use of such site has not, in good faith, begun construction of a building thereon as approved by the City, then the City has the option and privilege of either:

3

    a.   repurchasing that site from the owner thereof at the same price paid to the City for same or;

    b.   terminating the user's occupancy of said site, as appropriate.

**B.**    The option of the City to repurchase continues for a period of one year from the end of the twelve (12) month period. **The option shall be deemed exercised by a notice in writing to said owner delivered within the aforementioned period.**

**C.**    The City may, from time to time, in writing extend the time period for when such building may begin. The one year option period in Section VI, B, *supra*, shall commence at the end of any extended time granted hereunder.

## VII.   DURATION OF COVENANTS

Each of the conditions, covenants, restrictions and reservations set forth above shall continue and be binding for a period of twenty-five (25) years from the date hereof. The conditions, covenants, restrictions and reservations shall automatically be continued thereafter for successive periods of twenty (20) years each. Provided, however, that said conditions, covenants, restrictions and reservations set forth above may be amended or altered in accordance with the following:

1.   So long as any of the lots or lands within the subdivision to which these conditions, covenants, restrictions and reservations are applicable are owned by the City, then said conditions, covenants, restrictions and reservations may be amended by adoption by the City Council of the City of Gallatin, by two-thirds (2/3) majority vote, of an ordinance amending the same.

2.   At the time when the City of Gallatin no longer owns any of the lots or lands within the subdivision to which these conditions, covenants, restrictions and reservations apply, said conditions, covenants, restrictions and reservations may be amended or altered by execution of a written instrument containing said amendment or alteration upon the vote of those owning property within the park. Voting apportionment shall be based on the owner's most recent appraisal of real and personal property by the Sumner County Tax Assessor. There shall be a total of 100 voting shares to be cast by all owners of property within the Gallatin Industrial Center, Phase II. The number of votes each owner shall receive will be equal to that owner's proportional percentage of the total value of all real and personal property contained within the Gallatin Industrial Center, Phase II.

Any amendment or alteration in these covenants shall be effective only from the time a duly adopted and executed original thereof shall have been recorded in the Office of the Recorder of Sumner County, Tennessee.

4

## VIII.   COVENANTS RUN WITH THE LAND

The covenants and conditions contained in this instrument shall run with, bind and inure to the benefit of and be enforceable by the City and/or any owner, their successors or assigns.

## IX.   ENFORCEABILITY

If any person, firm, corporation or other entity owning or holding any interest in any lot, land or part of the subdivisions to which these restrictive covenants apply shall violate any of the covenants or restrictions set forth herein, then in order to redress such violations, the City shall have the following powers and authority, all of which shall be cumulative and not exclusive:

1. To file and maintain in the name of the City of Gallatin an action at law for the recovery of damages from the person or persons violating these covenants, and including in such recovery all costs and expense incurred in such action, including reasonable attorney fees.

2. An action at equity against any owner solo violates these covenants and restrictions. For this purpose, each owner of any lot, land or portion of the subdivisions to which these restrictive covenants and conditions apply does hereby acknowledge and agree that a remedy at law may be inadequate to secure redress and remedy arising from violation of these covenants, and does further acknowledge and agree that damages may be inadequate to properly compensate the City of Gallatin for damage arising from violation of these covenants and restrictions. Each such owner of any lot, land or portion of the subdivisions does therefore acknowledge and agree that a court of competent jurisdiction shall have full authority to enter mandatory or prohibitory injunctions, preliminary or permanent, and restraining orders in accord with and pursuant to this provision.

## X.   INVALIDATION

A.     The failure to enforce any provision of these covenants and conditions in a particular situation shall not be deemed a waiver or abandonment of such provision as it may apply in any other situation or to the same or a similar situation at any other location in the Gallatin Industrial Center, Phase II or of any other provision of these covenants and conditions.

B.     Invalidation by court adjudication of any covenant or covenant(s) or the failure to enforce any provision of these covenants and conditions, shall not affect the validity of any other provision, nor be deemed a waiver of the right to enforce same, and all other provisions thereof shall remain in full force and effect.

5

## XI.  CONSTRUCTION NOTICE AND ACCEPTANCE

Every person who now or hereafter owns or acquires any right, title, or interest in or to any portion of said property is and shall be conclusively deemed to have consented and agreed to every covenant and condition contained herein, whether or not any reference to this declaration is contained in the instrument by which such person acquired an interest in said property.

## XII.  RIGHT OF WAIVER

The City reserves the right at any time to approve in writing such minor variances or waive in writing compliance with any of the covenants and conditions set forth herein as the City, in its sole discretion, may deem necessary.

## XIII.  DEVELOPMENT STANDARDS

A.  **BUILDINGS**

1.  No building shall be constructed with exterior wooden walls or frame.

2.  Any buildings constructed in the Gallatin Industrial Center, Phase II shall be of masonry. Enamel metal construction, its equivalent or better, may be permitted as an alternative material as permitted by the Gallatin Zoning Ordinance.

3.  No galvanized sheet metal will be permitted.

4.  All other types of construction not covered in the above must be first submitted to and have the written approval of the City, its successors or assigns.

5.  No structure hazardous to moving aircraft shall penetrate the imaginary surfaces established by the Federal Aviation Administration (FAA) as necessary for aircraft safety on runway approaches and take-offs. These surfaces are shown on the Approach and Clear Zoned Plan of the Moore-Murrell Field Airport Master Plan.

6.  No building shall exceed a maximum lot coverage of 50%.

B.  **PARKING AND ACCESS**

1.  All driveways and parking areas shall be constructed asphalt or concrete and shall include adequate drainage facilities to dispose of all surface water.

2.  Parking area shall be located a minimum of fifteen (15) feet from any other boundary line of the site.

6

3. Parking may be permitted in front of the building, provided that such parking does not exceed forty percent (40%) of the property in front of the building.

4. All parking areas used at night shall be lighted to provide reasonable safety.

5. No parking shall be permitted on any street or road, either public or private or at any place other than the paved parking spaces provided in accordance with the foregoing, and each owner shall be responsible for compliance by its employees and visitors.

6. Off-street parking areas shall be used for the parking of passenger vehicles or commercial and other vehicles incident to the business conducted on the property. No commercial repair work shall be conducted on such parking areas.

7. No driveway shall occupy more than 50% of any side yard.

**C.    LOADING AND UNLOADING**

No loading docks shall be permitted on the front of any building in the Gallatin Industrial Center, Phase II. Provisions for handling all freight, either by railroad or truck, must be on those sides of any building which do not face a frontage street. One (1) loading berth shall be required for each 20,000 square feet of gross floor area up to and including 100,000 square feet. Each additional 50,000 square feet or fraction of one half or more thereof shall require one additional berth.

**D.    STORAGE**

1. No accessory building shall be constructed to permit the keeping of materials, supplies, products or equipment in the open or exposed to public view.

2. Bulk storage above ground of all liquids, including gasoline and petroleum products on the outside of the buildings, shall be permitted only in locations as approved by the City, in writing, and subject to compliance with rules and regulations of any governmental agency or agencies having jurisdiction over such matters.

**E.    LANDSCAPING**

1. Any landscaped area shall be properly maintained in a sightly and well-kept condition and at the expense of the land owner.

2. Undeveloped areas proposed for future expansion shall be maintained in a seeded, weed-free condition, clear of unsightly weeds or plants, stored materials, rubbish and debris.

3. The owner of the property shall be responsible for maintenance of the vegetative cover and clearing of litter from the boundary of its site to any adjacent paved road.

7

Record Book 3912 Page 572

F.  **SIGNS**

   1.  A sign permit shall be obtained from the City of Gallatin per the terms of the Gallatin Zoning Ordinance prior to the erection of any signage.

   2.  One monument sign designating the industry will be permitted on each frontage street. Additional directional signs will be allowed.

   3.  No sign shall be lighted by means of flashing or intermittent illumination.

   4.  There shall be no sign erected which will obstruct vision to vehicular traffic.

   5.  One (1) construction sign denoting the architects, engineers, contractor, and other related subjects, shall be permitted upon the commencement of construction. Said sign shall conform to applicable zoning ordinances and regulations.

G.  **REFUSE**

   1.  Waste must be disposed of in a manner approved by the City.

   2.  The occupant's premises shall not be used or maintained as a dumping ground for rubbish or junk. Trash, garbage or other waste shall not be kept except in sanitary containers. All equipment for the storage or disposal of such material shall be kept in a clean and sanitary condition.

   3.  All outdoor refuse collection areas shall be in compliance with paragraph E.2. of these protective covenants.

   4.  Disposal of rubbish, junk, trash or garbage by open burning is specifically prohibited.

   5.  Nothing herein contained shall prohibit on-site storage of waste (other than by open burning) if conducted in accordance with applicable Federal, State and local laws or regulations.

H.  **MAINTENANCE**

The owner of any tract in the Gallatin Industrial Center, Phase II shall at all times keep the premises, buildings, improvements and appurtenances in a safe, clean, neat and sanitary condition and shall comply with all laws, ordinances and regulations pertaining to health and safety. Each lot owner shall provide for the removal of trash and rubbish from his premises.

I.  **UTILITIES**

   1.  All "on site" electrical lines and telephone lines shall be placed underground in accordance with the requirements of the respective utilities.

   2.  Transformer or terminal equipment shall be visually screened from view from streets and adjacent properties.

8

3. The City reserves the right to construct utility lines overhead, and utility lines, pipes and conduits underground through an area of not more than twenty (20) feet in width adjacent to the boundary line of property, and the property owner agrees to execute any and all instruments necessary and reasonable with the future development of the park, including the granting of easements of not more than twenty (20) feet in width along such boundary line for future railroad tracks and sidings, gas, water, sewage, telephone, entrance and access roads, and electrical lines; provided that, the exercise of such rights shall not unreasonably interfere with the property owner's use and enjoyment of the property and shall be exercised in a manner most consistent with such use and enjoyment and without cost, expense or liability to the property owner except as otherwise agreed.

**J.   SITE DRAINAGE**

1. All stormwater shall be managed in a way that is compliant with the current version of the City of Gallatin Storm Water Ordinance, the City's National Pollutant Discharge Elimination System (NPDES) General Permit for classified Small Municipal Separate Storm Sewer Systems (MS4) permit, the Tennessee NPDES General Permit for Discharges of Stormwater Associated with Construction Activities permit, Tennessee Aquatic Resource Alteration Permit (ARAP), and U.S. Army Corps of Engineers Section 401 Water Quality Certification, as applicable.

2. No rain or storm water run-off or such drainage as roof water, street pavement, and surface water caused by natural precipitation or ground water from footing or foundation drains of other subsurface water drainage shall at any time be discharged into or permitted to flow in the sanitary sewer system.

3. No stormwater run-off or surface water drainage shall be routed in a way that violates the natural flow rule as applied by the State of Tennessee.

**K.   CERTIFICATION**

Under request of an owner of a site within the Gallatin Industrial Center, Phase II, The City shall certify, if such he the case, that such owner is not in default of any obligations hereunder.

CITY OF GALLATIN, TENNESSEE

JOANN GRAVES, MAYOR

CONNIE KITTRELL, CITY RECORDER

9

CORPORATE ACKNOWLEDGEMENT

STATE OF TENNESSEE
COUNTY OF SUMNER

Personally appeared before me, JOANN GRAVES, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained, and who further acknowledged that she is the Mayor of the City of Gallatin, Tennessee and is authorized by the aforesaid to execute this instrument on its behalf.

Witness my hand, at office, this _24th_ day of _February_ , 20___

NOTARY PUBLIC

My Commission Expires: _May 22, 2017_

STATE OF TENNESSEE
COUNTY OF SUMNER

Personally appeared before me, CONNIE KITTRELL, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained, and who further acknowledged that she is the City Recorder for the City of Gallatin, Tennessee and is authorized by the aforesaid to execute this instrument on its behalf.

Witness my hand, at office, this _24th_ day of _February_ , 20___

NOTARY PUBLIC

My Commission Expires: _May 22, 2017_

10

Record Book 3912 Page 575

STATE OF __IL__
COUNTY OF __Cook__

THE ACTUAL CONSIDERATION OR VALUE,
WHICHEVER IS GREATER, FOR THIS TRANSFER IS
$1,231,425.00.

_Kim L. Spahr_
Affiant  Kim L. Spahr

SUBSCRIBED AND SWORN TO BEFORE ME,
THIS THE _14_ day of _June_, 20 22.

_[signature]_
Notary Public
MY COMMISSION EXPIRES: _6|18|23_
File No. 21-12827C

Cindy L Briley, Register
Sumner County Tennessee
Rec #: 1086291    Instrument #: 1421851
Rec'd       20.00        Recorded
State     4556.27    7/7/2022 at 11:20 AM
Clerk        1.00    in Record Book
Other        2.00         5984
Total     4579.27    Pages 342-345

FORWARDED TO SUMNER COUNTY ASSESSOR
OF PROPERTY ON DATE OF RECORDING

IRINA BUZIL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
June 18, 2023

---

# WARRANTY DEED

| ADDRESS NEW OWNER(S) AS FOLLOWS: | SEND TAX BILLS TO: | MAP-PARCEL NUMBER |
|---|---|---|
| GALLATIN DATA CENTERS LLC (NAME) | GALLATIN DATA CENTERS LLC (NAME) | 112-12.04-P/O |
| 5030 Riverside Drive, Suite 250 (STREET ADDRESS) | 5030 Riverside Drive, Suite 250 (STREET ADDRESS) | |
| Irving, TX 75039 (CITY) (STATE) (ZIP) | Irving, TX 75039 (CITY) (STATE) (ZIP) | |

---

FOR AND IN CONSIDERATION OF THE SUM OF TEN DOLLARS, CASH IN HAND PAID BY THE

HEREINAFTER NAMED GRANTEE, AND OTHER GOOD AND VALUABLE CONSIDERATIONS, THE

RECEIPT OF WHICH IS HEREBYACKNOWLEDGED, WE, **City of Gallatin, Tennessee**, HEREINAFTER

CALLED THE GRANTOR, HAVE BARGAINED AND SOLD, AND BY THESE PRESENTS DO TRANSFER

AND CONVEY UNTO **GALLATIN DATA CENTERS LLC, a Delaware Limited Liability Company**,

HEREINAFTER CALLED THE GRANTEE, THEIR HEIRS AND ASSIGNS, A CERTAIN TRACT OR

PARCEL OF LAND IN SUMNER COUNTY, STATE OF TENNESSEE, DESCRIBED AS FOLLOWS TO-WIT:

Lot 1, GALLATIN INDUSTRIAL CENTER, PHASE 3, RESUBDIVISION OF LOT 6, P.B. 28, PG. 325, as
shown on plat of record in Plat Book 31, Page 227, in the Register's Office, Sumner County, Tennessee, to which plat
reference is hereby made for a more particular description of said property.

Being part of that property conveyed to the City of Gallatin, Tennessee, by Special Warranty Deed from Clarion Real
Estate, LLC, a Tennessee limited liability company, dated May 12, 2008, and recorded on May 15, 2008, of record in
Record Book 2962, Page 802, and in Record Book 2962, Page 808, in the Register's Office of Sumner County,
Tennessee. Also being part of the same property conveyed to City of Gallatin, Tennessee, by Quitclaim Deed from
Nannette Cecil Rankin, dated November 13, 2008, and recorded on November 25, 2008, of record in Record Book
3043, Page 249, in the Register's Office of Sumner County, Tennessee; further being part of the same property
conveyed to City of Gallatin by Quitclaim Deed from Roy Barry Cecil, Jr., dated January 9, 2009, and recorded on
January 13, 2009 of record in Record Book 3058, Page 422, in the Register's Office of Sumner County, Tennessee.
Further being a portion of the same property conveyed to the City of Gallatin, Tennessee by Deed from Gregory Real
Estate, LLC, a Wyoming limited liability company dated August 7, 2014 and recorded on August 8, 2014 in Record
Book 3983, Page 425, in the Register's Office of Sumner County, Tennessee.

Subject to any and all plats, easements, restrictions, and other matters of record, including, but not limited to, the following:

1. Discrepancies or shortage in the square footage, acreage or area of the land.
2. Taxes and assessments for the year 2022 and subsequent years, which are not yet due and payable.
3. Subject to building restrictions, easements, rights of way, notes, terms, conditions, restrictions and other criteria as
   shown on the Plat(s) recorded in Plat Book 31, Page 227, in the Register's Office for Sumner County, Tennessee.

**Record Book 5984 Page 342**

Further shown on ALTA/NSPS Land Title Survey prepared by Randall Freeman on behalf of American National, LLC, on May 26, 2022, under Network Reference No. 20221616-1, and last revised on June 15, 2022.

4. Restrictions as recorded in Record Book 3912, Page 566, Register's Office for Sumner County, Tennessee.

NOTE: Grantor retains the right to repurchase the Optional Premises, at the original purchase price, if development of the Optioned Premises has not commenced on or before the date that is one (1) year after the date of acquisition of the Optioned Premises by Grantee. Grantor agrees that it shall agree to subordinate such repurchase right to the deed of trust made to Grantee's construction lender on terms to be reasonably agreed by Grantee, Grantor and Grantee's construction lender. The Grantee cannot sell or transfer the property prior to completion of construction of the Property of improvements for which Grantee obtains applicable governmental permits to any other party than the City of Gallatin, Tennessee.

This is unimproved property, known as 1386 Gateway Drive, Gallatin, TN 37066.

TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEE, their heirs and assigns, forever, and we covenant with the said GRANTEE that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it, and the same is unencumbered, unless otherwise herein set out, and we do further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title to the said land to the said GRANTEE, their heirs and assigns, against the lawful claims of all persons whomsoever. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness my/our hand(s) this 14 day of June, 2022.

City of Gallatin, Tennessee

By: _____
Paige Brown, Mayor

STATE OF TENNESSEE
COUNTY OF SUMNER

Personally appeared before me, the undersigned, a Notary Public in and for the County and State aforesaid, Paige Brown, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, on oath, acknowledged such person to be the Mayor of The City of Gallatin, Tennessee, the within-named bargainor, and that such Paige Brown, as such Mayor, executed the within instrument for the purposes therein contained, by personally signing the name of the City of Gallatin as Mayor.

Witness my hand, at office, this 14 day of June, 2022.

_____
Notary Signature
My commission expires: Nov 14, 2025

PREPARED BY:

SMITH.SHOLAR.MILLIKEN.PLLC.
P.O. BOX 663
GALLATIN, TN 37066

AFTER RECORDING RETURN TO:

SEYFARTH SHAW LLP
233 SOUTH WACKER DRIVE, SUITE 8000
CHICAGO, IL 60606
ATTN: MICHAEL D. RECHTIN

**Tennessee Certification of Electronic Document**

I, _____Kim S. Spahr_____, do hereby make oath that I am a licensed attorney and/or the

custodian of the original version of the electronic document tendered for registration herewith

and that this electronic document is a true and exact copy of the original document executed and

authenticated according to law on ___June 14, 2022_____ (date of document).

_____
Affiant Signature

_____06/16/2022_____
Date

State of ____Illinois_____

County of ____Cook_____

Sworn to and subscribed before me this _16th_ day of _____June_____, 2 022 .

_____
Notary's Signature

MY COMMISSION EXPIRES: _____10/27/25_____

NOTARY'S SEAL

```
OFFICIAL SEAL
HILDA BARBOSA
NOTARY PUBLIC, STATE OF ILLINOIS
WILL COUNTY
My Commission Expires 10/27/2025
```

J Thomas Trent, Jr.
Partner
jtrent@bradley.com
615.252.2327 direct
615.252.6327 fax



April 17, 2024

**Via Email:**
cthorsen@bakerdonelson.com

Christopher E. Thorsen
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Ave., Suite 2000
Nashville, TN 37203

Re:     Exercise of the Right of Repurchase of the real property (the "Property") described in that certain Warranty Deed from the City of Gallatin, Tennessee (the "City") to Gallatin Data Centers LLC, of record in Record Book 5984, Page 342, Register's Office for Sumner County, Tennessee (the "Deed").

Dear Chris:

This letter is in response to your letter to me of January 31, 2024 (the "Letter"). As you know, we are council to the City on this matter. After our previous correspondence about the right of repurchase contained in the above-referenced deed, my client informed me of the right of repurchase set forth in the Recapture provisions of Section VI of the attached Restrictive Covenants of record in Record Book 3912, page 566, Register's Office for Sumner County, Tennessee. Since your client has not "begun construction of a building" on the Property, the City has the option and privilege of repurchasing the Property at the same price paid to the City for the same. The City hereby exercises this repurchase option.

We understand that you are counsel to Gallatin Data Centers LLC. Since I am unsure whether you are authorized to accept this notice on their behalf, by copy of this letter I am also sending the notice directly to the property owner at the address on the deed. Please confirm that your client is now willing to schedule a closing of the repurchase pursuant to these Restrictive Covenants.

Thank you.

Very truly yours,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _J Thomas Trent_
     J Thomas Trent, Jr.

Enclosure
cc: Gallatin Data Centers LLC, 5030 Riverside Drive, Suite 250, Irving, TX 75039, by Federal Express
cc: Rosemary Bates by email

4862-5118-2775.2

Bradley Arant Boult Cummings LLP | ONE 22 ONE | 1221 Broadway | Suite 2400 | Nashville, TN 37203 | 615.244.2582 | bradley.com

Case 3:24-cv-00868     Document 1-1     Filed 07/17/24     Page 20 of 46 PageID #: 27

THIS INSTRUMENT PREPARED BY:
JOE H. THOMPSON
CITY ATTORNEY
132 WEST MAIN STREET
GALLATIN, TN 37066



# RESTRICTIVE COVENANTS

## GALLATIN INDUSTRIAL CENTER, PHASE II

### GALLATIN, TENNESSEE

The City of Gallatin, Tennessee, a Tennessee municipal corporation, acting by and through its City Council, being duly vested with authority to acquire, own, develop and sell real estate for industrial or commercial purposes, does hereby adopt the following as covenants, conditions and restrictions to be applicable to, binding upon and to be a covenant to run with the land and be binding upon all successors in interest to any of the lots, lands, tenements and hereditaments of the real property of the City of Gallatin, Tennessee to which these covenants, conditions and restrictions are made applicable.

## I.    DEFINITIONS

**A.    THE CITY:** The City shall be the City of Gallatin, Tennessee or its successors or assigns.

**B.    GALLATIN INDUSTRIAL CENTER, PHASE II:** Gallatin Industrial Center, Phase II being that two hundred ten (plus or minus) acre tract, conveyed to the City by multiple instruments recorded in Record Book 2962, Page 802, Record Book 2962, Page 808, Record Book 3043, Page 249, Record Book 3058, Page 422, & Record Book 3120, Page 229 of the Register's Office of Sumner County, Tennessee.

**C.    OWNERS:** Owners shall be purchasers of land in the Gallatin Industrial Center, Phase II hereafter, their successors, assigns and transferees.

## II.    PURPOSE

It is the intent and purpose of these covenants and restrictions to insure proper use and appropriate development and improvement of each building site in the Gallatin Industrial Center, Phase II; to protect the owners of building sites against such improper use of surrounding building sites as will depreciate the value of their property; to guard against the erection of structures built of improper or unsuitable materials; to encourage the erection of attractive improvements on each site; to prevent haphazard and inharmonious improvement of building sites; to secure and maintain proper setbacks from streets, and adequate free spaces between structures; and in general to provide adequately for a high type and quality of improvement of the Gallatin Industrial Center, Phase II.

## III.    PERMITTED LAND USES

**A.**    Subject to applicable zoning restrictions, and to specific prohibited uses as set forth in Section IV below, uses which are approved for the Gallatin Industrial Center, Phase II include:

Pamela L. Whitaker, Register
Sumner County Tennessee
Rec #: 927701        Instrument #: 1078538
Rec'd:     50.00         Recorded
State:      0.00     3/5/2014 at 4:15 PM
Clerk:      0.00      in Record Book
Other:      2.00         3912
Total:     52.00       Pgs 566-575

1

Case 3:24-cv-00868    Document 1-1    Filed 07/17/24    Page 21 of 46 PageID #: 28

1. Manufacturing and assembly;
2. Warehouse, office and distribution;
3. Research, research and development production, and research-related data processing;
4. Office, headquarters, training facilities, support services, call centers and wholesalers; and
5. Retail and service uses that serve the convenience needs of other park occupants and that are compatible with other uses in the park.

**B.**     All of the uses permitted shall have their primary operations conducted entirely within enclosed buildings.

## IV.    OBJECTIONABLE USES

**A.**     No use will be made of any lot or any portion thereof or any building or structure thereon at any time, nor shall any materials or products be manufactured, processed or stored thereon or therein, which shall cause an undue fire hazard to adjoining properties, which shall constitute a nuisance or cause the emission of noxious odors, liquids, gases, dust, fumes or smoke, or cause noises or other conditions which might injure the reputation of the lot in question or neighboring properties or which shall constitute a violation of any applicable law of the United States, the State of Tennessee, or any regulation or ordinance promulgated thereunder.

**B.**     In addition, the following uses are specifically prohibited:

1. Vehicle wrecking, vehicle maintenance or repair, salvage yards, used material yards or junk yard.
2. Parking lots or equipment storage, when either is the principal use of the property.
3. Mini-storage facilities.
4. Manufacturing or processing of: asphalt, cement or lime.
5. Manufacture or storage of explosives.
6. Packing plants, canning plants or slaughter yards.
7. Stock yards.
8. Rendering plants or glue works.
9. Pulp or paper mills.
10. Mobile homes as permanent structures (allowed as temporary construction facilities).
11. Animal hospital.
12. Commercial incineration.
13. Rubbish, garbage, or trash dumps.
14. Building materials yard.
15. Contractor's yard.
16. Stone and monument works.

**C.**     No hazardous materials of any kind shall be permanently stored in or disposed of the Gallatin Industrial Center, Phase II. As used herein, Hazardous Materials shall mean:

2

1. Any "hazardous waste" as defined by Resource Conservation and Recovery Act of 1976, as amended from time to time, and rules or regulations promulgated thereunder.
2. Any "hazardous substance" as defined by the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended from time to time, and rules and regulations promulgated thereunder, but excluding oil, petroleum products and their by-products.
3. Any substance which is regulated by any federal, state or local governmental authority or that is the subject of any law, rule or regulation.

## V.   PLANS AND SPECIFICATIONS

**A.**     No building, fence, wall sign advertising device, roadway, loading facility, outside storage facility, parking area, site grading, planting, landscaping, facility for industrial waste or sewage disposal, nor any other improvement shall be commenced, erected or constructed, nor shall any addition thereto or change or alteration therein be made (except to the interior of a building), nor shall any change in the use of any premises be made, until the plans and specifications therefor, showing the nature, kind, shape, height, materials, color scheme, lighting and location on the lot of the proposed improvements, grading, landscaping or alterations and the proposed use or change in the use of the premises, shall have been submitted to and approved in writing by the City and a copy of such plans and specifications as finally approved lodged permanently with the City which approval shall not be unreasonably withheld. Written approval by the City, its successors or assigns, for a particular use shall be conclusive evidence of compliance with this or any other portion of these covenants.

**B.**     Construction and alteration of improvements in the Gallatin Industrial Center, Phase II shall be in accordance with the requirements of all applicable Building, Zoning and other Codes and Regulations of the City.

## VI.   SUBDIVISION AND RESALE RIGHTS

The property within the Gallatin Industrial Center, Phase II cannot be subdivided and sold by a subsequent grantee without the written consent of the City, which shall not be unreasonably withheld.

## RECAPTURE

**A.**     If after twelve (12) months have expired from the sooner of:

1. the date of the execution and delivery of any deed by the City to any site in the Gallatin Industrial Center, Phase II or the date that possession of such site is granted to a user; and
2. the owner or use of such site has not, in good faith, begun construction of a building thereon as approved by the City, then the City has the option and privilege of either:

3

    a.    repurchasing that site from the owner thereof at the same price paid to the City for same or;

    b.    terminating the user's occupancy of said site, as appropriate.

**B.**    The option of the City to repurchase continues for a period of one year from the end of the twelve (12) month period. **The option shall be deemed exercised by a notice in writing to said owner delivered within the aforementioned period.**

**C.**    The City may, from time to time, in writing extend the time period for when such building may begin. The one year option period in Section VI, B, *supra*, shall commence at the end of any extended time granted hereunder.

## VII.    DURATION OF COVENANTS

Each of the conditions, covenants, restrictions and reservations set forth above shall continue and be binding for a period of twenty-five (25) years from the date hereof. The conditions, covenants, restrictions and reservations shall automatically be continued thereafter for successive periods of twenty (20) years each. Provided, however, that said conditions, covenants, restrictions and reservations set forth above may be amended or altered in accordance with the following:

1. So long as any of the lots or lands within the subdivision to which these conditions, covenants, restrictions and reservations are applicable are owned by the City, then said conditions, covenants, restrictions and reservations may be amended by adoption by the City Council of the City of Gallatin, by two-thirds (2/3) majority vote, of an ordinance amending the same.

2. At the time when the City of Gallatin no longer owns any of the lots or lands within the subdivision to which these conditions, covenants, restrictions and reservations apply, said conditions, covenants, restrictions and reservations may be amended or altered by execution of a written instrument containing said amendment or alteration upon the vote of those owning property within the park. Voting apportionment shall be based on the owner's most recent appraisal of real and personal property by the Sumner County Tax Assessor. There shall be a total of 100 voting shares to be cast by all owners of property within the Gallatin Industrial Center, Phase II. The number of votes each owner shall receive will be equal to that owner's proportional percentage of the total value of all real and personal property contained within the Gallatin Industrial Center, Phase II.

Any amendment or alteration in these covenants shall be effective only from the time a duly adopted and executed original thereof shall have been recorded in the Office of the Recorder of Sumner County, Tennessee.

4

## VIII. COVENANTS RUN WITH THE LAND

The covenants and conditions contained in this instrument shall run with, bind and inure to the benefit of and be enforceable by the City and/or any owner, their successors or assigns.

## IX. ENFORCEABILITY

If any person, firm, corporation or other entity owning or holding any interest in any lot, land or part of the subdivisions to which these restrictive covenants apply shall violate any of the covenants or restrictions set forth herein, then in order to redress such violations, the City shall have the following powers and authority, all of which shall be cumulative and not exclusive:

1. To file and maintain in the name of the City of Gallatin an action at law for the recovery of damages from the person or persons violating these covenants, and including in such recovery all costs and expense incurred in such action, including reasonable attorney fees.

2. An action at equity against any owner solo violates these covenants and restrictions. For this purpose, each owner of any lot, land or portion of the subdivisions to which these restrictive covenants and conditions apply does hereby acknowledge and agree that a remedy at law may be inadequate to secure redress and remedy arising from violation of these covenants, and does further acknowledge and agree that damages may be inadequate to properly compensate the City of Gallatin for damage arising from violation of these covenants and restrictions. Each such owner of any lot, land or portion of the subdivisions does therefore acknowledge and agree that a court of competent jurisdiction shall have full authority to enter mandatory or prohibitory injunctions, preliminary or permanent, and restraining orders in accord with and pursuant to this provision.

## X. INVALIDATION

**A.** The failure to enforce any provision of these covenants and conditions in a particular situation shall not be deemed a waiver or abandonment of such provision as it may apply in any other situation or to the same or a similar situation at any other location in the Gallatin Industrial Center, Phase II or of any other provision of these covenants and conditions.

**B.** Invalidation by court adjudication of any covenant or covenant(s) or the failure to enforce any provision of these covenants and conditions, shall not affect the validity of any other provision, nor be deemed a waiver of the right to enforce same, and all other provisions thereof shall remain in full force and effect.

5

## XI. CONSTRUCTION NOTICE AND ACCEPTANCE

Every person who now or hereafter owns or acquires any right, title, or interest in or to any portion of said property is and shall be conclusively deemed to have consented and agreed to every covenant and condition contained herein, whether or not any reference to this declaration is contained in the instrument by which such person acquired an interest in said property.

## XII. RIGHT OF WAIVER

The City reserves the right at any time to approve in writing such minor variances or waive in writing compliance with any of the covenants and conditions set forth herein as the City, in its sole discretion, may deem necessary.

## XIII. DEVELOPMENT STANDARDS

**A. BUILDINGS**

1. No building shall be constructed with exterior wooden walls or frame.

2. Any buildings constructed in the Gallatin Industrial Center, Phase II shall be of masonry. Enamel metal construction, its equivalent or better, may be permitted as an alternative material as permitted by the Gallatin Zoning Ordinance.

3. No galvanized sheet metal will be permitted.

4. All other types of construction not covered in the above must be first submitted to and have the written approval of the City, its successors or assigns.

5. No structure hazardous to moving aircraft shall penetrate the imaginary surfaces established by the Federal Aviation Administration (FAA) as necessary for aircraft safety on runway approaches and take-offs. These surfaces are shown on the Approach and Clear Zoned Plan of the Moore-Murrell Field Airport Master Plan.

6. No building shall exceed a maximum lot coverage of 50%.

**B. PARKING AND ACCESS**

1. All driveways and parking areas shall be constructed asphalt or concrete and shall include adequate drainage facilities to dispose of all surface water.

2. Parking area shall be located a minimum of fifteen (15) feet from any other boundary line of the site.

6

3. Parking may be permitted in front of the building, provided that such parking does not exceed forty percent (40%) of the property in front of the building.

4. All parking areas used at night shall be lighted to provide reasonable safety.

5. No parking shall be permitted on any street or road, either public or private or at any place other than the paved parking spaces provided in accordance with the foregoing, and each owner shall be responsible for compliance by its employees and visitors.

6. Off-street parking areas shall be used for the parking of passenger vehicles or commercial and other vehicles incident to the business conducted on the property. No commercial repair work shall be conducted on such parking areas.

7. No driveway shall occupy more than 50% of any side yard.

## C.    LOADING AND UNLOADING

No loading docks shall be permitted on the front of any building in the Gallatin Industrial Center, Phase II. Provisions for handling all freight, either by railroad or truck, must be on those sides of any building which do not face a frontage street. One (1) loading berth shall be required for each 20,000 square feet of gross floor area up to and including 100,000 square feet. Each additional 50,000 square feet or fraction of one half or more thereof shall require one additional berth.

## D.    STORAGE

1. No accessory building shall be constructed to permit the keeping of materials, supplies, products or equipment in the open or exposed to public view.

2. Bulk storage above ground of all liquids, including gasoline and petroleum products on the outside of the buildings, shall be permitted only in locations as approved by the City, in writing, and subject to compliance with rules and regulations of any governmental agency or agencies having jurisdiction over such matters.

## E.    LANDSCAPING

1. Any landscaped area shall be properly maintained in a sightly and well-kept condition and at the expense of the land owner.

2. Undeveloped areas proposed for future expansion shall be maintained in a seeded, weed-free condition, clear of unsightly weeds or plants, stored materials, rubbish and debris.

3. The owner of the property shall be responsible for maintenance of the vegetative cover and clearing of litter from the boundary of its site to any adjacent paved road.

7

Record Book 3912 Page 572

**F. SIGNS**

    1.   A sign permit shall be obtained from the City of Gallatin per the terms of the Gallatin Zoning Ordinance prior to the erection of any signage.

    2.   One monument sign designating the industry will be permitted on each frontage street. Additional directional signs will be allowed.

    3.   No sign shall be lighted by means of flashing or intermittent illumination.

    4.   There shall be no sign erected which will obstruct vision to vehicular traffic.

    5.   One (1) construction sign denoting the architects, engineers, contractor, and other related subjects, shall be permitted upon the commencement of construction. Said sign shall conform to applicable zoning ordinances and regulations.

**G. REFUSE**

    1. Waste must be disposed of in a manner approved by the City.

    2. The occupant's premises shall not be used or maintained as a dumping ground for rubbish or junk. Trash, garbage or other waste shall not be kept except in sanitary containers. All equipment for the storage or disposal of such material shall be kept in a clean and sanitary condition.

    3. All outdoor refuse collection areas shall be in compliance with paragraph E.2. of these protective covenants.

    4. Disposal of rubbish, junk, trash or garbage by open burning is specifically prohibited.

    5. Nothing herein contained shall prohibit on-site storage of waste (other than by open burning) if conducted in accordance with applicable Federal, State and local laws or regulations.

**H. MAINTENANCE**

The owner of any tract in the Gallatin Industrial Center, Phase II shall at all times keep the premises, buildings, improvements and appurtenances in a safe, clean, neat and sanitary condition and shall comply with all laws, ordinances and regulations pertaining to health and safety. Each lot owner shall provide for the removal of trash and rubbish from his premises.

**I. UTILITIES**

    1.   All "on site" electrical lines and telephone lines shall be placed underground in accordance with the requirements of the respective utilities.

    2.   Transformer or terminal equipment shall be visually screened from view from streets and adjacent properties.

8

3. The City reserves the right to construct utility lines overhead, and utility lines, pipes and conduits underground through an area of not more than twenty (20) feet in width adjacent to the boundary line of property, and the property owner agrees to execute any and all instruments necessary and reasonable with the future development of the park, including the granting of easements of not more than twenty (20) feet in width along such boundary line for future railroad tracks and sidings, gas, water, sewage, telephone, entrance and access roads, and electrical lines; provided that, the exercise of such rights shall not unreasonably interfere with the property owner's use and enjoyment of the property and shall be exercised in a manner most consistent with such use and enjoyment and without cost, expense or liability to the property owner except as otherwise agreed.

## J. SITE DRAINAGE

1. All stormwater shall be managed in a way that is compliant with the current version of the City of Gallatin Storm Water Ordinance, the City's National Pollutant Discharge Elimination System (NPDES) General Permit for classified Small Municipal Separate Storm Sewer Systems (MS4) permit, the Tennessee NPDES General Permit for Discharges of Stormwater Associated with Construction Activities permit, Tennessee Aquatic Resource Alteration Permit (ARAP), and U.S. Army Corps of Engineers Section 401 Water Quality Certification, as applicable.

2. No rain or storm water run-off or such drainage as roof water, street pavement, and surface water caused by natural precipitation or ground water from footing or foundation drains of other subsurface water drainage shall at any time be discharged into or permitted to flow in the sanitary sewer system.

3. No stormwater run-off or surface water drainage shall be routed in a way that violates the natural flow rule as applied by the State of Tennessee.

## K. CERTIFICATION

Under request of an owner of a site within the Gallatin Industrial Center, Phase II, The City shall certify, if such be the case, that such owner is not in default of any obligations hereunder.

CITY OF GALLATIN, TENNESSEE

JOANN GRAVES, MAYOR

CONNIE KITTRELL, CITY RECORDER

9

Record Book 3912 Page 574

CORPORATE ACKNOWLEDGEMENT

STATE OF TENNESSEE
COUNTY OF SUMNER

Personally appeared before me, JOANN GRAVES, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained, and who further acknowledged that she is the Mayor of the City of Gallatin, Tennessee and is authorized by the aforesaid to execute this instrument on its behalf.

Witness my hand, at office, this 24th day of February, 20__

NOTARY PUBLIC

My Commission Expires: May 22, 2017

STATE OF TENNESSEE
COUNTY OF SUMNER

Personally appeared before me, CONNIE KITTRELL, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained, and who further acknowledged that she is the City Recorder for the City of Gallatin, Tennessee and is authorized by the aforesaid to execute this instrument on its behalf.

Witness my hand, at office, this 24th day of february, 20__

NOTARY PUBLIC

My Commission Expires: May 22, 2017

10

Record Book 3912 Page 575

    Shipment Receipt

**Address Information**

| Ship to: | Ship from: |
|---|---|
| Christopher E. Thorsen | J. Thomas Trent, Jr. |
| Baker Donelson Bearman | Bradley |
| Caldwell | |
| 1600 West End Avenue | 1221 Broadway |
| Suite 2000 | Suite2400 |
| NASHVILLE,  TN | Nashville,  TN |
| 37203 | 37203 |
| US | US |
| 6152523516 | 6152522327 |

**Shipment Information:**
Tracking no.: 776003251352
Ship date: 04/17/2024
Estimated shipping charges:  74.61 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: First Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 1   LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

**Billing Information:**
Bill transportation to: Nashville-378
Your reference:  217201-401011
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

**Heugas, MiLady**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Thursday, April 18, 2024 7:10 AM |
| **To:** | Heugas, MiLady |
| **Subject:** | FedEx Shipment 776003251352: Your package has been delivered |



# Hi. Your package was delivered Thu, 04/18/2024 at 7:03am.



Delivered to 1600 W END AVE STE 2000, NASHVILLE, TN 37203
Received by D.MANN

**OBTAIN PROOF OF DELIVERY**

## How was your delivery ?



TRACKING NUMBER      776003251352

| | |
|---|---|
| **FROM** | Bradley |
| | 1221 Broadway |
| | Suite2400 |
| | Nashville, TN, US, 37203 |
| | |
| **TO** | Baker Donelson Bearman Caldwell |
| | Christopher E. Thorsen |
| | 1600 West End Avenue |
| | Suite 2000 |
| | NASHVILLE, TN, US, 37203 |
| **REFERENCE** | 217201-401011 |
| **SHIPPER REFERENCE** | 217201-401011 |
| **SHIP DATE** | Wed 4/17/2024 07:12 PM |
| **DELIVERED TO** | Receptionist/Front Desk |
| **PACKAGING TYPE** | FedEx Envelope |
| **ORIGIN** | Nashville, TN, US, 37203 |
| **DESTINATION** | NASHVILLE, TN, US, 37203 |
| **SPECIAL HANDLING** | Deliver Weekday |
| **NUMBER OF PIECES** | 1 |
| **TOTAL SHIPMENT WEIGHT** | 0.50 LB |
| **SERVICE TYPE** | FedEx First Overnight |

2



# FedEx Delivery Manager® puts you in control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of [10,000+ locations](#) makes drop off easy.

**ENROLL NOW**

**FOLLOW FEDEX**

      

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 7:10 AM CDT 04/18/2024.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2024 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our [privacy policy](#). All rights reserved.

Thank you for your business.

 Shipment Receipt

## Address Information

**Ship to:**
Gallatin Data Centers LLC

5030 Riverside Drive
Suite 250
IRVING,  TX
75039
US
6152523516

**Ship from:**
J. Thomas Trent, Jr.
Bradley
1221 Broadway
Suite2400
Nashville,  TN
37203
US
6152522327

**Shipment Information:**
Tracking no.: 776003278613
Ship date: 04/17/2024
Estimated shipping charges:  94.50 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: First Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 1   LBS
Declared Value: 0.00   USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

**Billing Information:**
Bill transportation to: Nashville-378
Your reference:  217201-401011
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

### Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Thursday, April 18, 2024 7:20 AM |
| **To:** | Heugas, MiLady |
| **Subject:** | FedEx Shipment 776003278613: Your package has been delivered |



# Hi. Your package was delivered Thu, 04/18/2024 at 7:13am.



Delivered to 5030 RIVERSIDE DR, IRVING, TX 75039

**OBTAIN PROOF OF DELIVERY**

## How was your delivery ?



**TRACKING NUMBER**     776003278613

1

| **FROM** | Bradley |
| | 1221 Broadway |
| | Suite2400 |
| | Nashville, TN, US, 37203 |

| **TO** | Gallatin Data Centers LLC |
| | 5030 Riverside Drive |
| | Suite 250 |
| | IRVING, TX, US, 75039 |

| **REFERENCE** | 217201-401011 |
| **SHIPPER REFERENCE** | 217201-401011 |
| **SHIP DATE** | Wed 4/17/2024 07:12 PM |
| **PACKAGING TYPE** | FedEx Envelope |
| **ORIGIN** | Nashville, TN, US, 37203 |
| **DESTINATION** | IRVING, TX, US, 75039 |
| **SPECIAL HANDLING** | Deliver Weekday |
| **NUMBER OF PIECES** | 1 |
| **TOTAL SHIPMENT WEIGHT** | 0.50 LB |
| **SERVICE TYPE** | FedEx First Overnight |



# FedEx Delivery Manager® puts you in control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of 10,000+ locations makes drop off easy.

## ENROLL NOW

---

**FOLLOW FEDEX**

      

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 7:20 AM CDT 04/18/2024.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2024 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.

| ELECTRONICALLY FILED<br>2024 Jun 17 1:59 PM - 24CV-132<br>Sumner County, Clerk & Master<br><br>*FOR ELECTRONIC FILE STAMP ONLY* | **STATE OF TENNESSEE**<br>**18th JUDICIAL DISTRICT CHANCERY COURT**<br><br># SUMMONS | **CASE FILE NUMBER**<br><br>24CV-132 |
| --- | --- | --- |

**CASE STYLE:**

CITY OF GALLATIN vs GALLATIN DATA CENTERS, LLC

**TO: (NAME & ADDRESS OF DEFENDANT)**

GALLATIN DATA CENTERS, LLC

2908 POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, SUMNER COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| **Attorney for plaintiff:**<br><br>**(Name, address & telephone number)**<br><br>Russell Morgan<br>1221 Broadway<br>Suite 2400<br>Nashville TN 37203 | **DATE ISSUED & ATTESTED**<br><br>06/17/2024     01:59:13 PM<br><br>**MARK T. SMITH, Clerk & Master**<br>**BY:**<br><br>/s/ Temple Pryor<br><br>**Deputy Clerk & Master** |
| --- | --- |

## NOTICE OF DISPOSITION DATE

To expedite cases, the Court may take reasonable measures to purge the docket of old cases where the cases have been dormant without the cause shown for an extended time.

## CERTIFICATION

I, Mark T. Smith, Clerk and Master of the Chancery Court of Sumner County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause.
**MARK T. SMITH, CLERK AND MASTER.**
BY: _____ /s/ Temple Pryor _____ DEPUTY C & M

| **TO THE SHERIFF:**<br><br>Please execute this summons and make your return within (90) ninety days of issuance as provided by law. | **DATE RECEIVED**<br><br>**Sheriff** |
| --- | --- |

*ADA: If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (615)451-6023*

## RETURN ON PERSONAL SERVICE OF SUMMONS

**I hereby certify and return that I served this summons together with the complaint as follows:**

**DATE OF PERSONAL SERVICE:**

_____
**Sheriff**

## ACCEPTANCE OF SERVICE:

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the_____day of _____, _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of_____, _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case #_____ to the defendant_____.

I received the return receipt, which had been signed by _____ on the _____day of _____, _____ .The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of_____.**<br><br>**Signature of ❑ Notary Public or ❑ Deputy Clerk.**<br>_____<br>**My Commission Expires:** | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.<br><br>**ATTACH<br>RETURN<br>RECEIPT<br>HERE<br>(IF APPLICABLE)** |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000.00) debtors equity interest personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**Mail list to: Clerk & Master**
**100 Public Square, Room 401**
**Gallatin, TN 37066**
**Please state file number on list.**

ELECTRONICALLY FILED
2024 Jun 17 1:59 PM - 24CV-132
Sumner County, Clerk & Master
*FOR ELECTRONIC FILE STAMP ONLY*

**STATE OF TENNESSEE**
**18th JUDICIAL DISTRICT CHANCERY COURT**

# SUMMONS

**CASE FILE NUMBER**

24CV-132

**CASE STYLE:**

CITY OF GALLATIN vs GALLATIN DATA CENTERS, LLC

**TO: (NAME & ADDRESS OF DEFENDANT)**

GALLATIN DATA CENTERS, LLC

2908 POSTON AVE
NASHVILLE, TN 37203

**List each defendant on a separate summons.**

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, SUMNER COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT. AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff: | DATE ISSUED & ATTESTED |
|---|---|
| (Name, address & telephone number) | 06/17/2024     01:59:13 PM |
| Russell Morgan<br>1221 Broadway<br>Suite 2400<br>Nashville TN 37203 | MARK T. SMITH, Clerk & Master<br>BY:<br><br>/s/ Temple Pryor<br><br>**Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

To expedite cases, the Court may take reasonable measures to purge the docket of old cases where the cases have been dormant without the cause shown for an extended time.

**CERTIFICATION**

I, Mark T. Smith, Clerk and Master of the Chancery Court of Sumner County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause.
**MARK T. SMITH, CLERK AND MASTER.**
BY: _____ /s/ Temple Pryor _____ DEPUTY C & M.

**TO THE SHERIFF:**

Please execute this summons and make your return within (90) ninety days of issuance as provided by law.

**DATE RECEIVED** 6/18/24

Sheriff

*ADA: If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (615)451-6023*

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint a l?ws:

*4 DP V3 To C '7fVJN (½4-;Le. csvdfo II.'W-V ,*
*AI-UN'' kvtf It/*

**DATE OF PERSONAL SERVICE:**

*v/1 i: !AV*

Process Serve)

~~Sheriff~~

### ACCEPTANCE OF SERVICE:

THE MUSIC CITY PROCESS
KEVIN FAHERTY
PO BOX 90331
NASHVILLE, TN 37209
615-480-8785

I do hereby accept service of process and a copy of this complaint in th[
This the_____ day of _____ ,__ _

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day pf_____,---, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case #_____ to the defendant _____ _'
I received the return receipt, which had been signed by _____ _ on the ____ day of _____ ,___ .The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this __ day o f_____.

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

Signature of ☐Notary Public or ☐Deputy Clerk.

_____

My Commission Expires:

## ATTACH
## RETURN
## RECEIPT
## HERE
## (IF APPLICABLE)

### NOTICE OF PERSONAL
### PROPERTY EXEMPTION

TO THE DEFENDANT(S):
   Tennessee law provides a ten thousand dollar ($10,000.00) debtors equity interest personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in Ibis action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective es to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourselfand your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or bow to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
      100 Public Square, Room 401
      Gallatin, TN 37066
Please state file number on list

ELECTRONICALLY FILED
2024 Jun 25 11:54 AM - 24CV-132
Sumner County, Clerk & Master

**IN THE CHANCERY COURT FOR SUMNER COUNTY, TENNESSEE
AT GALLATIN**

| | | |
|---|---|---|
| **CITY OF GALLATIN, TENNESSEE** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 24CV-132 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GALLATIN DATA CENTERS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF LIEN LIS PENDENS AND ABSTRACT OF SUIT**

Pursuant to Tenn. Code Ann. § 20-3-101, NOTICE IS HEREBY GIVEN of ongoing litigation in which the City of Gallatin, Tennessee, filed a Complaint in the Chancery Court of Sumner County, Tennessee against Gallatin Data Centers, LLC, Case No. 24CV-132 (the "Action"), asserting that Gallatin Data Centers, LLC ("GDC"), has failed to abide by a right of repurchase exercised by the City of Gallatin, Tennessee on property located at 1386 Gateway Drive, Gallatin, Tennessee, as further described in Deed Book 5984 page 342, Register's Office for Sumner County (the "Property"). In the Action, the City of Gallatin seeks specific performance requiring GDC to convey the Property to it.

    1.       The names of the parties to this action are:

          Plaintiff:      City of Gallatin, Tennessee

          Defendant:    Gallatin Data Centers, LLC

    2.       A description of real estate affected is:

          Real Estate located in Sumner County, Tennessee:

1

## LEGAL DESCRIPTION

Lot 1, GALLATIN INDUSTRIAL CENTER, PHASE 3, RESUBDIVISION OF LOT 6, P.B. 28, PG. 325, as shown on plat of record in Plat Book 31, Page 227, in the Register's Office, Sumner County, Tennessee, to which plat reference is hereby made for a more particular description of said property.

Being part of that property conveyed to the City of Gallatin, Tennessee, by Special Warranty Deed from Clarion Real Estate, LLC, a Tennessee limited liability company, dated May 12, 2008, and recorded on May 15, 2008, of record in Record Book 2962, Page 802, and in Record Book 2962, Page 808, in the Register's Office of Sumner County, Tennessee. Also being part of the same property conveyed to City of Gallatin, Tennessee, by Quitclaim Deed from Nannette Cecil Rankin, dated November 13,2088, and recorded on November 25, 2008, of record in Record Book 3043, Page 249, in the Register's Office of Sumner County, Tennessee; further being part of the same property conveyed to City of Gallatin by Quitclaim Deed from Roy Barry Cecil, Jr., dated January 9, 2009, and recorded on January 13, 2009 of record in Record Book 3058, Page 422, in the Register's Office of Sumner County, Tennessee. Further being a portion of the same property conveyed to the City of Gallatin, Tennessee by Deed from Gregory Real Estate, LLC, a Wyoming limited liability company dated August 7, 2014 and recorded on August 8, 2014 in Record Book 3983, Page 425, in the Register's Office of Sumner County, Tennessee.

3.      The owner of the interest in real estate affected is:  Gallatin Data Centers, LLC

4.      The nature and amount of the lien sought to be fixed is:

A lien against the Property for specific performance to require Gallatin Data Centers, LLC to convey the Property to the City of Gallatin pursuany to a right of repurchase the City of Gallatin exercised.

IN WITNESS WHEREOF, this Notice of Lien Lis Pendens and Abstract of Suit has been executed this the 24th day of June, 2024.

s/ Russell B. Morgan
Russell B. Morgan (TN Bar No. 20218)
Bradley Arant Boult Cummings LLLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Phone: (615) 252-2311
Fax: (615) 252-6311
rmorgan@bradley.com

2

## <u>REAL PROPERTY CERTIFICATE</u>

I, Mark T. Smith, Clerk and Master of the Sumner County Chancery Court, do hereby certify that the foregoing is a true Abstract of the Complaint filed in the case styled *City of Gallatin v. Gallatin Data Centers, LLC*, Case No. 24CV-132 in the Chancery Court for Sumner County, Tennessee.

WITNESS my hand and seal, this <u>25th</u> day of June, 2024.

**Case Title:**        CITY OF GALLATIN vs GALLATIN DATA CENTERS, LLC

**Case Number:**     24CV-132

**Type:**             ORDER

So Ordered

Mark T. Smith, Clerk and Master

Electronically signed on 2024-06-25 11:54:34    page 4 of 4